```
            UNITED STATES DISTRICT COURT FOR THE
                MIDDLE DISTRICT OF PENNSYLVANIA


ALEXANDER SYLVESTER,          :
                              :
                              :
            Petitioner        :    CIVIL NO. 1:CV-08-1338
                              :
       vs.                    :    (Judge Caldwell)
                              :
NEW YORK STATE BOARD OF       :
PAROLE,                       :
            Respondent.       :
```

*M E M O R A N D U M*

I.  *Introduction*

Alexander Sylvester, an inmate at USP-Allenwood, White Deer, Pennsylvania, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The sole respondent in this matter is the New York State Board of Parole.

Sylvester's petition is extremely brief. However it is clear that Sylvester is not challenging his current federal conviction but rather takes issue with the State of New York's recent decision to lodge a parole violation warrant and/or detainer against him. Sylvester seeks to prevent the State of New York from acquiring custody over him as he believes it is inconsistent with his federal sentencing order.

Because the United States District Court for the Northern District of New York has concurrent jurisdiction over

this petition and because Sylvester is challenging a detainer or warrant issued from that state, this petition is better adjudicated in the Northern District of New York and will be transferred there.

II.   *Background*

In January 2003, in the United States District Court for the Eastern District of Virginia (Richmond), pursuant to a plea agreement, Sylvester plead guilty to Illegal Re-entry after Deportation; Misuse of a Social Security Account Number and Possession of a Firearm.[1]  Sylvester was sentenced to imprisonment for a term of 84 months.  Upon completion of his federal sentence, Sylvester states that the district court ordered that he "be surrendered to [the] federal marshal for deportation by [the] immigration department." (Doc. 1, Petition).  Sylvester recites that "the state of New York, Division of parole now seeks custody of the applicant charging illegal re-entry as a violation of parole." (*Id*.)  Petitioner argues that to allow the same would constitute a double jeopardy violation and conflict with his federal sentencing order.

---

[1] The Court takes judicial notice of the docket in *USA v. Sylvester*, 3:02-cr-00287-REP-1 (E.D. Va.)(J., Payne).

III.    *Discussion*

Whether New York has actually lodged a detainer against Sylvester is unclear from the petition.  If one has been issued, Sylvester may use section 2241 to challenge a state detainer, *see Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 488-89, 93 S.Ct. 1123, 1126, 35 L.Ed.2d 443 (1973).  The proper respondent in such an action, however, would be the Attorney General of New York, "the person who exercises legal control with respect to the challenged 'custody.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 438, 124 S.Ct. 2711, 2720, 159 L.Ed.2d 513 (2004).[2]

As Sylvester is lodged within our jurisdiction, but challenges a potential New York state detainer, we have concurrent jurisdiction with the Northern District of New York over this petition.[3] *Braden*, *supra*, 410 U.S. at 499 n.15, 93 S.Ct. at 1131 n.15.  However, since the records and witnesses relevant to the detainer are in the Northern District of New York, we will

---

[2] Generally the proper respondent for a § 2241 challenge to an inmate's immediate physical custody is the warden of the institution where the inmate is currently confined.  However, as Sylvester is not challenging his present placement, but rather his potential future custody within the State of New York, the New York Attorney General would be the appropriate respondent. *Id.* at 435-36, 124 S.Ct. at 2718.

[3] An independent computerized legal search of the New York Unified Judicial Court System and Westlaw reveals that Sylvester has prior criminal convictions stemming from the following New York counties: Albany, Schnectedy and Chemung.  Albany and Schnectedy, as well as the central office of the New York State Division of Parole, are all located in the Northern District of New York.

-3-

transfer the petition there pursuant to 28 U.S.C. § 1404(a).[4] *Id.* *See also Davis v. Fox*, No. 07-570, 2007 WL 4591243 (E.D. Tex. Dec. 27, 2007)(transferring 2241 petition in the interest of justice to district court with jurisdiction over the officials who issued the detainer); *George v. United States*, No. 07-110, 2007 WL 3405420, N.D. W. Va. Nov. 9, 2007)(same); *Ross v. Sedgwick County District Attorney's Office*, 2007 WL 1577791 (W.D. Okla. May 31, 2007) (dismissing a 2241 petition challenging a detainer without prejudice to filing in the federal court with jurisdiction over the official who issued the detainer).

        We will issue an appropriate order.

        /s/William W. Caldwell
        William W. Caldwell
        United States District Judge

Date: July 23, 2008

---

[4] A court may transfer any civil action for the convenience of the parties or witnesses, or in the interest of justice, to any district where the action might have been brought.

```
              UNITED STATES DISTRICT COURT FOR THE
                 MIDDLE DISTRICT OF PENNSYLVANIA

ALEXANDER SYLVESTER,            :
                                :
                                :
            Petitioner          :   CIVIL NO. 1:CV-08-1338
                                :
      vs.                       :   (Judge Caldwell)
                                :
NEW YORK STATE BOARD OF         :
PAROLE,                         :
            Respondent.         :
```

*O R D E R*

AND NOW, this 23rd day of July, 2008, for the reasons set forth in the accompanying memorandum, it is ordered that:

    1.    The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of New York.

    2.    The Clerk of Court is directed to close this case.

    /s/William W. Caldwell
    William W. Caldwell
    United States District Judge